IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

RETRACTABLE TECHNOLOGIES, INC.
and THOMAS J. SHAW

            PLAINTIFFS

vs.

BECTON, DICKINSON AND COMPANY

            DEFENDANT

Civil Action No. 2:07CV250
Folsom/Craven (Jury)

## DEFENDANT BECTON, DICKINSON AND COMPANY'S MOTION TO SEVER

Defendant Becton, Dickinson and Company ("BD") hereby moves to sever Counts 1-3 of Plaintiffs' Amended Complaint (the "patent claims") from Counts 4-7 (the "non-patent claims") and submits this memorandum in support of its motion.

## INTRODUCTION

In their Amended Complaint, Plaintiffs Retractable Technologies, Inc. and Thomas J. Shaw (collectively, "RTI") assert a broad range of claims against BD. First, RTI asserts patent claims, alleging that BD's Integra syringes infringe three of RTI's patents (Counts 1-3). Second, RTI purports to assert a host of complex non-patent claims, namely federal and state antitrust claims, a false advertising claim, and an unfair competition claim (Counts 4-7).

The patent and non-patent claims involve significantly different legal and factual issues. RTI's patent claims focus only on whether a single BD product (Integra) infringes any valid claims of RTI's patents. In contrast, RTI's non-patent claims—to the extent they are permitted to go forward—will involve extensive discovery and trial evidence concerning a broad range of BD products, business practices, relationships with hospitals, advertising, costs, and discounting

practices. In such circumstances, courts routinely sever patent and antitrust claims. Furthermore, RTI's non-patent claims are expressly limited by the release negotiated by the parties in 2004 to settle a prior antitrust case before the Court (the "RTI Release"); in contrast, the patent claims are expressly excluded from the RTI Release.

Two additional factors make severance particularly appropriate here. First, this court has experience in addressing the non-patent claims asserted by RTI and severance would allow the court to discretely address those issues. Second, in a related action to this case, BD and MDC Investment Holdings, Inc. have sued RTI for infringement of two other patents related to retracting needle technology (*Becton, Dickinson and Company and MDC Investment Holdings, Inc. v. Retractable Technologies, Inc.*, 5:07cv137, Eastern District of Texas). Severance of the patent and non-patent claims in the instant case would permit the more logical combination of both patent suits together in one action, at least for purposes of discovery, with RTI's non-patent claims in a separate action.

For these and other reasons, as set forth more fully below, BD respectfully submits that the patent claims should be severed from the non-patent claims.

## **BACKGROUND**

As the Court is aware, RTI and BD are rival manufacturers of safety syringes and safety blood collection products. (Am. Compl. ¶¶ 13, 19-21, 49) BD also manufactures an array of other medical devices. (Am. Compl. ¶¶ 2, 67)

RTI sued BD in 2001, accusing BD of monopolization and entering into alleged "exclusive dealing" arrangements with hospitals and Group Purchasing Organizations ("GPOs"), including allegedly unlawful "bundled" and "market share" discounts, all in violation of the federal and state antitrust laws. (5:01-CV-036, Docket Entry #50, Plaintiff's Second Amended

Compl. ¶¶ 23, 30-33, 35, 59) In July 2004, the parties settled those claims, and any others that RTI could have brought at that time, save for patent infringement. (Exhibit A, Settlement Agreement and Release)

As part of the Settlement Agreement and Release executed on July 2, 2004, RTI signed the RTI Release, which reads in relevant part:

> **RTI Release.** Subject to payment by BD . . . RTI, on behalf of itself and its subsidiaries . . . hereby releases and forever discharges BD . . . from any and all causes of action, demands, damages, costs, debts, liabilities, losses or claims of any kind, whether known or unknown, that the RTI Releasors may now have or ever had, or hereafter, shall or may have against BD, for, upon, or by reason of any matter, cause, or thing, whatsoever, which accrued on or at any time prior to the date of execution of this Settlement Agreement and Release.

(Ex. A at 1-2) The RTI Release included an exception for patent claims:

> This Release shall not, under any circumstance, apply or extend to any claim for correction of inventorship, any claim for patent infringement, or any claim that a patent is invalid or unenforceable.

(*Id*. at 2)

On June 15, 2007, RTI filed this action. On September 6, 2007, BD moved to dismiss the original Complaint for failure to join a necessary party (namely, the inventor and owner of the asserted patents, Thomas Shaw), failure to plead facts sufficient to overcome the preclusive effect of the RTI Release, and failure to plead facts sufficient to state a claim under the antitrust laws and the Lanham Act. Rather than opposing that motion, on September 28, 2007, RTI filed its Amended Complaint adding Shaw as a plaintiff and attempting to remedy its deficient non-patent claims.

The Amended Complaint alleges that BD's Integra safety syringe infringes three patents of which Shaw is the purported inventor and RTI is the purported exclusive licensee. (Am. Compl. ¶¶ 24-28, Counts 1-3) The Amended Complaint also purports to assert that BD falsely

advertises its other safety syringes, in violation of the Lanham Act and Texas unfair competition law (Am. Compl. ¶¶ 29-48, Counts 4 and 7), and that BD has violated federal and state antitrust laws through "exclusionary monopolistic behavior" (Am. Compl. ¶¶ 2, 62-76, Counts 5 and 6), namely offering lower prices to customers through so-called "bundled" discounts.

In the Joint Statement filed with the Court prior to the initial scheduling conference, RTI asserted that its non-patent claims would involve discovery of:

> . . . Defendant's market share and/or market power in the markets involved in this lawsuit, Defendant's costs, pricing, sales of the various products involved in this suit, contracts and communications between Defendant and purchasers, agents of purchasers (such as group purchasing organizations) and distributors regarding the products involved in this lawsuit, Defendant's advertising and other public statements regarding its "safety" needle products or Plaintiffs' products, incidents of needle sticks involving Defendant's products and any responses thereto or handling thereof.

Joint Statement at 9-10 (Docket No. 31).

BD has moved to dismiss the non-patent claims—but not the patent claims—primarily on the basis of the RTI Release and RTI's repeated failure to plead facts sufficient to state a claim. The Court has scheduled a hearing on BD's motion for January 15, 2008.

## **ARGUMENT**

The Court should sever RTI's patent claims from its non-patent claims for three reasons. First, the patent and non-patent claims involve fundamentally different legal and factual issues. Second, the many issues raised in RTI's Amended Complaint would be confusing and burdensome for a single jury to address. Finally, severance would facilitate the most efficient management of the parties' various disputes.

Federal Rule of Civil Procedure 21(b) provides that "any claim against a party may be severed and proceeded with separately." *See United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir.

1983) ("Rule 21 explicitly provides that *'[a]ny* claim against a party may be severed and proceeded with separately'" (emphasis added by the *O'Neil* court)). District courts have broad discretion to sever unrelated claims and should do so if severance "will serve the ends of justice and further the prompt and efficient disposition of litigation." *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995).

"In deciding whether to grant a severance motion, courts generally consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted." *A&E Products Group L.P. v. The Accessory Corp.*, 2002 WL 1041321 (S.D.N.Y. 2002).

Severing RTI's patent claims from its non-patent claims would facilitate an efficient disposition of this case. The patent and non-patent claims are significantly different from one another such that there will be little overlap in witnesses and documentary evidence for these different sets of claims. As RTI made clear in the Joint Statement, it believes that its non-patent claims will involve discovery and proof regarding, among other things: BD's alleged market share and/or market power; BD's costs, pricing, and sales of various products; BD's contracts and communications with hospitals and distributors; BD's advertising and public statements concerning its products; and incidents of needlestick injuries. Joint Statement at 9-10. By contrast, RTI's patent claims will involve discovery and proof only regarding whether BD's Integra syringe infringes a valid claim of RTI's patents. Though a small number of witnesses may be common to the patent and antitrust claims, the overlap of witnesses and documentary

proof for these two sets of claims will be minimal. Indeed, in the last antitrust dispute before the Court, the parties took 193 depositions, an unheard of number for a typical patent case.

Additionally, as the Court noted during the November 5, 2007 status conference, trying the antitrust and patent claims together would likely be burdensome and confusing to a jury. Other courts agree and have observed that antitrust and patent issues should generally be tried separately because:

> (1) The issues, documentary proof, and witnesses in the validity-infringement claim are essentially different from those of the antitrust-misuse claim; (2) Consideration of all the claims at a single trial is burdensome; (3) The patent validity and infringement issues are generally less complex and require less discovery than the antitrust issues, and therefore, are ready for trial sooner; (4) The patent issues may be triable to the court while the antitrust claims are triable by jury if demanded; (5) In the usual case separate counsel are retained to try the patent and antitrust claims and separate trials serve to economize counsel's time.

*Alarm Device Mfg. Co. v. Alarm Products Internat'l, Inc.*, 60 F.R.D. 199, 202 (E.D.N.Y. 1973). Indeed, courts have stated that severance of patent claims from antitrust claims is "typical" and "a general rule." *See Briggs & Stratton Corp. v. Kohler Co.*, 2005 WL 1711154, at *4 (W.D.Wis. 2005) ("separating trials of patent and antitrust claims . . . is typical"); *Brandt, Inc. v. Crane*, 97

F.R.D. 707, 708 (N.D.Ill. 1983) ("As a general rule, separate trials of patent and antitrust claims further the interests of convenience, expediency and economy.")[1]

Severance is particularly appropriate in this case because this Court addressed the antitrust claims asserted by RTI against BD in 2001 and thus has familiarity with the parties and issues involved in the non-patent claims. Severance would allow the Court to address these non-patent claims after BD's motion to dismiss has been adjudicated, while the patent claims proceed separately.

Finally, severance will facilitate more efficient coordination with a related patent case, *Becton, Dickinson and Company and MDC Investment Holdings, Inc. v. Retractable Technologies, Inc.*, 5:07cv137-DF. In this related case, filed on September 6, 2007, BD asserts patent infringement claims against RTI relating to retracting needle technology. There is likely to be substantial overlap of fact and expert discovery between BD's patent case and RTI's patent claims in this case. Severance would permit a more efficient and manageable consolidation of the patent claims in this case with BD's related patent case, at least for discovery, without the encumbrance of RTI's unrelated non-patent claims.

---

[1] Severance would also reduce the possibility of prejudice to BD. As the Amended Complaint makes clear, to the extent the non-patent claims are permitted to proceed, RTI may seek to present its antitrust and Lanham Act allegations in inflammatory terms. *See, e.g.*, Am. Compl. ¶¶ 3 (BD's conduct is "denying American healthcare workers and patients the immediate benefits of Retractable's superior safety needle products."); *id.* at ¶ 28 ("Hundreds of thousands of needlestick injuries, each representing possible disease or death to a healthcare worker, will continue if BD's unlawful conduct continues unchecked."); *id.* at 1 (BD "is continuing to harm the American public by falsely advertising BD's inferior, non-infringing syringe products as 'safe,' 'safety,' or 'safety engineered' . . ."). Severance of the patent claims—which clearly have nothing to do with RTI's allegations above—would eliminate any potential prejudice to BD that could result from trying the antitrust and patent claims together, while causing no prejudice to RTI.

**CONCLUSION**

For all of these reasons, BD respectfully submits that RTI's patent claims (Count 1-3) should be severed from its non-patent claims (Counts 4-7).

November 14, 2007                                       Respectfully submitted,

*W. David Carter*, Lead Attorney
TSB No. 03932780
MERCY, CARTER, TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 – Telephone
(903) 794-1268 - Facsimile
Email: wdcarter@texarkanalawyers.com

Of Counsel:

ATTORNEYS FOR DEFENDANT BECTON, DICKINSON AND COMPANY

BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-6225
Facsimile: (713) 951-3720

Robert Atkins
Jacqueline Rubin
PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON, LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

William F. Lee,
Lisa J. Pirozzolo
WILMER CUTLER PICKERING HALE &
DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

William McElwain
Mark Rienzi
WILMER CUTLER PICKERING HALE &
  DORR, LLP
1875 Pennsylvania Ave, NW
Washington, DC  20009
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

## CERTIFICATE OF SERVICE

I, W. David Carter, certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). In compliance with FRCP 5(d) and Local Rule CV-5(e), counsel of record was also served with a true and correct copy of the foregoing document via e-mail, facsimile or U.S. Mail on this 14th day of November, 2007.

*W. David Carter*

## CERTIFICATE OF CONFERENCE

Counsel for Defendant has conferred with counsel for Plaintiffs with regard to this motion. Plaintiffs are opposed to the relief sought herein.

*W. David Carter*