UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES, INC., and THOMAS J. SHAW,<br><br>　　　　　　　　　　PLAINTIFFS,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>　　　　　　　　　　DEFENDANT. | Civil Action No. 2:07-cv-250<br>Folsom (Jury Requested) |

**BECTON, DICKINSON AND COMPANY'S MOTION *IN LIMINE***

Defendant Becton, Dickinson and Company ("BD") respectfully requests that the Court preclude plaintiffs Retractable Technologies, Inc. and Thomas Shaw (collectively, "RTI") from referencing, arguing about, and/or offering evidence related to the issues below.

**1.   ANTITRUST, FALSE ADVERTISING, AND UNFAIR COMPETITION CLAIMS**

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to antitrust, false advertising, and unfair competition claims and allegations against BD, including the prior antitrust litigation between RTI and BD and the claims severed from this case. BD's request includes without limitation any suggestions, assertions, charges, or allegations that BD is a monopolist, prevents others from entering the market, seeks to preserve its market share by improper means, misleads the public, colludes with Group Purchasing Organizations, engages in improper marketing practices, or does any other anticompetitive, deceptive, or unfair business practices. This case is a patent infringement case in which the jury must decide infringement, validity, and damages. The evidence and allegations referenced above are irrelevant and prejudicial and should be excluded under Federal Rules of Evidence 401-403. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed. Cir. 1986) (noting the standard practice of separating antitrust and patent claims to avoid, *inter alia*, prejudice and confusion of issues).

**2.   OTHER LITIGATION INVOLVING RTI OR BD**

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to other litigation involving RTI or BD. BD's request includes without limitation the following cases:

- 5:01-cv-00036-DF, *Retractable Technologies, Inc. v. Becton Dickinson and Company, et al.* (settled suit for antitrust, tortious interference with business relationships, business disparagement, and common law conspiracy)

- 4:02-cv-00034-LED, *Retractable Technologies, Inc. et al. v. New Medical Technology, Inc., et al.* (settled suit for patent infringement)

- 4:03-cv-00049-LED, *Retractable Technologies, Inc. et al. v. New Medical Technology, Inc., et al.* (settled suit for patent infringement)

- 5:07-cv-00137-DF, *Becton Dickinson and Company et al. v. Retractable Technologies, Inc.* (patent infringement suit)

- 2:08-cv-00016-DF, *Retractable Technologies, Inc. v. Becton Dickinson and Company* (antitrust, false advertising, and unfair competition claims severed from the present case)

- 6:08-cv-00120-LED, *Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.* (suit for patent infringement, trade secret misappropriation, conversion, intentional interference with contractual relations, unfair competition, and false advertising)

- 6:08-cv-00353-LED, *Retractable Technologies, Inc. et al. v. Safety Medical International, Inc.* (patent infringement suit)

Other litigation and allegations made therein are irrelevant and prejudicial and should be excluded under Federal Rules of Evidence 401-403.  *See, e.g.*, *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*, 491 F.2d 1239, 1242-43 (5th Cir. 1974) (affirming trial court's exclusion of "a list of lawsuits over, and complaints to Shell about, Planavin," based on the list's "faint probative value and high potential for unfair prejudice"); *TiVo Inc. v. EchoStar Commc'ns Corp.*, 2006 U.S. Dist. LEXIS 97123, at *24 (E.D. Tex. Jan. 26, 2006) (Folsom, J.) ("TiVo is hereby precluded from reference to, use of and reliance upon other EchoStar litigation except for impeachment purposes.").  To the extent evidence of other litigation is offered to show BD and/or RTI has a character to sue or to violate laws warranting suit, it should be excluded under Federal Rule of Evidence 404.  *See, e.g.*, *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("Litigiousness is the sort of character trait with which Rule 404(b) is concerned.").

### 3.     BD'S SIZE AND WEALTH

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to BD's size and wealth.  BD's size and wealth are not relevant to any issue the

jury must decide and should be excluded under Federal Rules of Evidence 401-402. Given the parties' relative sizes and wealth, any evidence of BD's size and wealth also will likely prejudice the jury against it, and such evidence should be excluded under Federal Rule of Evidence 403. Damages in a patent infringement case are not based on the infringer's wealth. Whether a reasonable royalty or lost profits, the purpose of damages is "to compensate for the infringement," 35 U.S.C. § 284, and the infringer's wealth is inadmissible. *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (noting that "[t]he emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations"); *Curtis Mfg. Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 101 (D.N.H. 1995) (holding that evidence of defendant's current financial condition or wealth is inadmissible under Rules 401-403); *Arleth v. Freeport-McMoran Oil & Gas Co.*, 2 F.3d 630, 635 (5th Cir. 1993) (affirming district court's exclusion of "evidence concerning [plaintiff's] personal financial condition" on the ground that "the prejudicial effect of the evidence substantially outweighed its probative value").

4.     **UNSAFE INJECTION PRACTICES**

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to unsafe injection practices, including needle and/or syringe reuse and misuse. That people, such as illegal drug users and impoverished patients in Africa, intentionally reuse or misuse needles or syringes does not make a fact of consequence in this patent infringement case more or less probable. Even if such evidence were relevant, stories of illegal drug use and poor sanitation practices in Africa and elsewhere, for example, will only confuse and inflame the jury, complicate the issues, and cause undue delay. Accordingly, evidence of unsafe injection practices should be excluded under Federal Rules of Evidence 401-403. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting committee notes to Rule 403 that describe unfair

prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

### 5. SAFETY EFFECTIVENESS OF SAFETY-LOK, SAFETYGLIDE, AND ECLIPSE

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to the safety effectiveness of Safety-Lok, SafetyGlide, and Eclipse. BD's request includes any suggestions, assertions, charges, or allegations that these products are "unsafe" and "killing people." RTI has not accused these products of infringing the patents-in-suit. Their only possible relevance is to RTI's damages for any infringement, specifically whether customers of BD's Integra 1 mL and 3mL syringes would consider Safety-Lok, SafetyGlide, and Eclipse acceptable substitutes for the Integra syringes. Whether these products achieve some ideal level of safety effectiveness is irrelevant. Even if the products' safety effectiveness were relevant, that relevance would be outweighed by the prejudice, confusion, complication of issues, undue delay, and waste of time that would likely result from trying to establish what the standard for safety effectiveness should be and whether the products meet that standard. Moreover, BD strongly objects to RTI's repeated assertion that BD's products have killed and are killing people, and any such assertions to the jury would be highly prejudicial. Accordingly, evidence related to the safety effectiveness of Safety-Lok, SafetyGlide, and Eclipse should be excluded under Federal Rules of Evidence 401-403.

### 6. BD'S ASSERTION OF ATTORNEY-CLIENT PRIVILEGE

BD requests that the Court preclude RTI from referencing, arguing about, or offering evidence related to BD's decision to assert the attorney-client privilege and work product protection with respect to opinions of counsel. BD is not relying on opinions of counsel to defend against willful infringement, and it is improper for RTI to ask the jury to infer that the information withheld is adverse to BD's interests. In a patent case, the jury may not draw an

- 4 -

adverse inference from the assertion of the attorney-client privilege.  *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004) (en banc) (holding that a jury may not draw an adverse inference from an accused infringer's decision to maintain privilege with respect to communications about the patents-in-suit); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed. Cir. 2007) (recognizing that an adverse inference based on an assertion of privilege "imposed inappropriate burdens on the attorney-client relationship").

## 7.     PREDICATE DEVICES LISTED IN BD'S 510(K) SUBMISSIONS

BD requests that the Court preclude RTI from offering evidence that BD's and Saf-T-Med's 510(k) submissions list VanishPoint as a predicate device to support its argument that the accused Integra 1mL and 3mL syringes infringe.  In 510(k) submissions, the Food and Drug Administration requires applicants to demonstrate "substantial equivalence" to a predicate device.  *See* 21 C.F.R. § 807.92.  The FDA "substantial equivalence" standard is inapplicable to patent infringement and irrelevant under Federal Rules of Evidence 401-402.  *See Johns Hopkins Univ. v. Datascope Corp.*, 543 F.3d 1342, 1349 n.3 (Fed. Cir. 2008) ("FDA equivalence is irrelevant to patent law because it involves fundamentally different inquiries.").  If RTI were allowed to argue that the Integra syringes are substantially equivalent to VanishPoint under FDA regulations, there is a high risk that the jury would confuse the FDA and patent standards of equivalence and conclude that BD's and Saf-T-Med's regulatory submissions are evidence of infringement under the doctrine of equivalents.  Under Federal Rule of Evidence 403, therefore, this Court should preclude RTI from arguing that the Integra syringes infringe based on BD's and Saf-T-Med's 510(k) submissions.

| Of Counsel: | Respectfully submitted, |
|---|---|
| David J. Beck (TSB No. 00000070)<br>Alistair B. Dawson (TSB No. 05596100)<br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>Telephone:  (713) 951-6225<br>Facsimile:  (713) 951-3720 | By:  */s/ W. David Carter*<br>W. David Carter, Lead Attorney<br>TSB No. 03932780<br>MERCY, CARTER, TIDWELL, L.L.P.<br>1724 Galleria Oaks Drive<br>Texarkana, TX  75503<br>Telephone:  (903) 794-9419<br>Facsimile:  (903) 794-1268<br>Email: wdcarter@texarkanalawyers.com |
| William F. Lee, *pro hac vice*<br>Lisa J. Pirozzolo, *pro hac vice*<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 | Robert Atkins<br>Jacqueline Rubin<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON, LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Telephone:  (212) 373-3000<br>Facsimile:  (212) 757-3990 |
| William McElwain, *pro hac vice*<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Telephone:  (202) 663-6000<br>Facsimile:  (202) 663-6363 | *Attorneys for Defendant*<br>*Becton, Dickinson and Company*<br><br>Dated:  September 16, 2009 |

CERTIFICATE OF SERVICE

I, W. David Carter, certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). In compliance with FRCP 5(d) and Local Rule CV-5(e), counsel of record was also served with a true and correct copy of the foregoing document via e-mail, facsimile or U.S. Mail on this 16th day of September, 2009.

/s/ *W. David Carter*