IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES INC., and THOMAS J. SHAW, <br><br>Plaintiffs, <br><br>v. <br><br>BECTON, DICKINSON AND COMPANY, <br><br>Defendant. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-250 |

**O R D E R**

Before the Court is Defendant Becton, Dickinson and Company's ("BD's") Renewed Motion for Judgment as a Matter of Law or a New Trial. Dkt. No. 340. Also before the Court is the response of Plaintiffs Retractable Technologies Inc. and Thomas J. Shaw (collectively, "RTI"), as well as BD's reply. Dkt. No. 345 & 350. The Court held a hearing on February 9, 2010. Having considered the briefing, oral arguments of counsel, and all relevant pleadings and papers, the Court finds that BD's motion should be GRANTED IN PART and DENIED IN PART.

1

## I. BACKGROUND

The Court held a jury trial from October 30, 2009, to November 9, 2009, on RTI's allegations of infringement by BD of United States Patents No. 5,632,733 ("the '733 Patent"), 6,090,077 ("the '077 Patent"), and 7,351,224 ("the '224 Patent"). The jury found infringement on at least one claim of each of these asserted patents but did not find willfulness. *See* Verdict Form, Dkt. No. 319 at 2-3. The jury did not find any of the asserted claims invalid. *Id.* at 4-5. The jury awarded a reasonable royalty of $5,000,000.00. *Id.* at 6.

## II. LEGAL PRINCIPLES

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law in jury trials and motions for new trial. Such a motion may be granted against a party if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). After such a motion is denied, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and it may grant a renewed motion pursuant to Rule 50(b) after the trial.

Fifth Circuit law controls review of a motion for judgment as a matter of law. *See, e.g., Callicrate v. Wadsworth Mfg.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005); *see also* Dkt. Nos. 340 at 2-3 & 345 at 4-5 (parties citing Fifth Circuit law). In the Fifth Circuit, entry of judgment as a matter of law post-trial under Rule 50 is appropriate if evidence supporting the movant is "uncontradicted and unimpeached" or if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 420

(5th Cir. 2003) (citation and quotation omitted).  Grant of a new trial is proper where the jury's verdict is "against the great weight of the evidence" or will result in a "miscarriage of justice." *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998) (quoting *Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981)).  "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986).

### III.  THE PARTIES' POSITIONS

BD moves for judgment as a matter of law on non-infringement and invalidity, both as to RTI's claims and as to BD's declaratory judgment counterclaims.  *See* Dkt. No. 340. Alternatively, BD requests a new trial on validity and infringement. *Id.* at 30.

Regarding non-infringement, BD argues that RTI failed to present evidence that:

1) the frictional holding and release mechanism required by claims 1 and 24 of the '733 patent and claims 43, 55, 60 and 61 of '224 patent is present in the Integra syringes;

2) the retraction mechanism of the 1mL Integra is disposed in the nose of the syringe as required by asserted claims 1 and 24 of the '733 patent;

3) BD's Integra syringes have vents that allow an opportunity or means for the escape, passage or release of air, as required by asserted claim 55 of the '224 patent;

4) the front end of the plunger contacts and removes the alleged retainer member, as required by asserted claim 24 of the '733 patent and asserted claim 25 of the '077 patent; and

5) after retraction, the thumb cap of the 3mL Integra is "inaccessible for grasping," as required by claim 25 of the '077 patent.

*Id.* at 1.  BD also requests findings of invalidity as follows:

1) claim 25 of the '077 patent is invalid as anticipated by each of the McGary and

      Pressly patents and/or obvious in light of those patents in combination with the Power patent application;

      2) claims 43, 60 and 61 of the '224 patent are anticipated by the McGary patent;

      3) claim 55 of the '224 patent is obvious based on the combination of the McGary patent and the Gillespie patent;

      4) all of the asserted claims are invalid under the written description requirement; and

      5) claim 10 of the '077 patent is invalid as anticipated by the Gillespie patent.

*Id.* at 2.

      BD also requests that claims withdrawn by RTI during trial (Claim 36 of the '733 Patent as to BD's 1mL Integra and Claim 47 of the '224 Patent as to BD's 1mL Integra and 3mL Integra) be dismissed with prejudice. *Id.* at 29.

      RTI responds that it presented sufficient evidence to support the jury's finding of infringement. Dkt. No. 345 at 4. RTI also argues that BD, having "only made an oral motion," failed to properly move during trial for a judgment as a matter of law on invalidity. *Id.* at 16. RTI argues that "BD is attempting now to do the very thing that [Federal Rule of Civil Procedure 50] was created to avoid: having presented its bare-bones motion at trial, [BD] is now attempting to take advantage of a perceived lack of responsive evidence from [RTI's] witness Mr. Sheehan." *Id.* at 17. Alternatively, RTI argues that BD's motion also fails on the merits. *See id.* at 17-26. As to claims not pursued at trial, RTI submits that "[i]n light of [the Court-ordered] time restrictions, . . . [RTI] dropped its infringement claims for Claim 36 of the '733 patent and Claim 47 of the '224 patent." *Id.* at 26-27. RTI argues that "[t]he Fifth Circuit has also made it clear that voluntary dismissal of claims 'should be freely granted unless the non-moving party will

4

suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* at 27 (emphasis omitted). As to BD's motion for a new trial, RTI submits that "BD simply is requesting a second bite at the apple for no apparent reason." *Id.* at 27.

BD replies as to non-infringement that the 3mL Integra does not use "clamping or frictional force to keep the needle in the projecting position," as required by the Court's claim construction. Dkt. No. 350 at 1-3. BD also argues that the alleged clamping force is not "released" when the needle is retracted because the force relied upon by RTI remains after retraction. *Id.* at 3-6. BD submits that "the patents-in-suit do not contemplate a syringe where the frictional or clamping holding force is not itself *directly* released to effectuate retraction." *Id.* at 6.

As to invalidity, BD replies that its oral Rule 50 motion at trial was sufficient. *Id.* at 6-7. BD argues that RTI has failed to overcome a presumption of enablement and that the McGary and Pressly patents render anticipated or obvious claim 25 of the '077 patent and all the asserted claims of the '224 Patent. *Id.* at 9-10. BD further argues that if the asserted claims are read so broadly as to cover the 3mL Integra, then all asserted claims are invalid for lack of written description of such scope. *Id.* at 10.

## IV.  DISCUSSION

As to non-infringement, RTI presented sufficient evidence for the jury to find frictional holding and release as construed by the Court. *See* Dkt. No. 345 at 5-8; *see also* 9/21/2010 Order, Dkt. No. 239 (modifying claim construction and denying BD's motion for partial summary judgment of non-infringement). RTI also presented evidence that the retraction mechanism of the 1mL Integra is disposed in the nose of the syringe. *See* Dkt. No. 345 at 14-15.

RTI showed evidence of vents that allow air to escape. *See id.* at 8-9 & 15-16. RTI further set forth evidence that the front end of the plunger contacts and removes the accused retainer member. *See id.* at 10 & 15. RTI also submitted evidence that after retraction, the thumb cap of the 3mL Integra is "inaccessible for grasping." *See id.* at 9-10; *see also* 9/21/2010 Order, Dkt. No. 239 (finding that "[t]he issue of whether a particular thumb cap is 'inaccessible for grasping' is a question of fact rather than a question of claim construction."). The jury's findings on infringement are thus supported by sufficient evidence.

As to invalidity, the Court finds that BD sufficiently preserved its motions for judgment as a matter of law. RTI complains that BD's oral motion for judgment as a matter of law at trial "did not explain anything. It did not specify the law; it did not specify the facts." Dkt. No. 345 at 17. To the contrary, BD sufficiently set forth its theories of invalidity and the prior art references at issue for purposes of Federal Rule of Civil Procedure 50.[1] *See i4i Ltd. Partnership v. Microsoft Corp.*, --- F.3d ----, 2010 WL 801705, at *8 (Fed. Cir. Mar. 10, 2010).

As to the sufficiency of the evidence on invalidity, BD presented this prior art to the jury, and BD has not shown reason to disturb the jury's findings that BD failed to show anticipation or obviousness by clear and convincing evidence. The jury's findings in this regard were supported by sufficient evidence. *See* Dkt. No. 345 at 19-24. Similarly, BD presented its written

---

[1] *See* 11/6/2009 A.M. Tr., Dkt. No. 333 at 101:13-102:15:

> In addition, we believe we're entitled to a JMOL on the following validity issues: Written description on all asserted claims. Under the Court's claim construction, the claims are not limited to device that work entirely by friction, and the Court has indicated that they could hypothetically cover devices that work by cutting. Also invalidity of Claim 10 of the '077 Patent. Claim 10 is anticipated by Gillespie and/or obvious in light of the combination of Gillespie, McGary, and/or Pressly. Also invalidity of Claim 25 of the '077 patent. Claim 25 is anticipated by McGary and/or Pressly and/or obvious in light of the combination of McGary, Pressly, and Power. Also, Your Honor, invalidity of all claims of the '24 – '224 patent, as anticipated in light of the McGary and/or obvious in light of the combination of McGary and Gillespie.

description evidence and argument to the jury, and BD has not shown reason to disturb the jury's finding that BD failed to show lack of written description by clear and convincing evidence. The jury's finding in this regard was supported by sufficient evidence. *See id.* at 25.

In sum, BD has not shown entitlement to judgment as a matter of law as to any of the claims on which RTI presented evidence at trial, and BD's motion should be DENIED in this regard. For the same reasons, BD has not shown that the Court should exercise its discretion to grant BD a new trial on validity and infringement. BD's motion for a new trial should be DENIED.

As to BD's counterclaim for a finding of non-infringement on the withdrawn claims, the September 28, 2009 Joint Final Pre-Trial Order included Claim 36 of the '733 Patent ("Claim 36") and Claim 47 of the '224 Patent ("Claim 47"). *See* Dkt. No. 244 at 8. RTI filed a written stipulation during trial stating: "For this trial, Plaintiffs do not assert Claim 36 of the '733 patent or Claim 47 of the '224 patent against the accused products." *See* 11/3/2009 Plaintiffs' Stipulation, Dkt. No. 297. BD submits that "RTI neither sought nor received consent from BD to withdraw the claims." Dkt. No. 340 at 29. RTI did not put on infringement evidence, nor did BD put on invalidity evidence, as to Claim 36 or Claim 47. RTI cites authority for its position that relates to an attempted voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) after a ruling on a motion to dismiss. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314 (5th Cir. 2002). *Elbaor* is distinguishable from the case at bar, in which RTI attempted to withdraw claims during trial by unilaterally deciding to present no evidence on Claim 36 and Claim 47. BD was entitled to rely on the Joint Final Pre-Trial Order to frame the issues for trial. Under these circumstances, BD's motion for judgment as a matter of law should be GRANTED

IN PART as to non-infringement of Claim 36 of the '733 Patent and Claim 47 of the '224 Patent.

## V.  CONCLUSION

BD's Renewed Motion for Judgment as a Matter of Law or a New Trial (Dkt. No. 340) is hereby **GRANTED IN PART** as to non-infringement of Claim 36 of the '733 Patent and Claim 47 of the '224 Patent.  BD's motion is otherwise hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 19th day of May, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE