IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RETRACTABLE TECHNOLOGIES INC., § <br> and THOMAS J. SHAW, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> BECTON, DICKINSON AND COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:07-CV-250 |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury verdict delivered on November 9, 2009, and the Court's Orders filed contemporaneously herewith, the Court hereby enters judgment for Plaintiffs and against Defendant for: infringement of Claims 1 and 24 of U.S. Patent No. 5,632,733 ("the '733 Patent") and Claims 43, 55, and 60 of U.S. Patent No. 7,351,224 ("the '224 Patent") by Defendant's 1mL Integra; and infringement of Claim 25 of U.S. Patent No. 6,090,077 ("the '077 Patent") and Claims 43, 55, 60, and 61 of the '224 Patent by Defendant's 3mL Integra.  The infringed claims identified in this paragraph are collectively referred to herein as "the Infringed Claims," and Defendant's 1mL Integra and 3mL Integra are collectively referred to herein as "the Infringing Products."

The Court also hereby enters judgment for Plaintiffs and against Defendant on Defendant's counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability, except as follows: In accordance with the Court's contemporaneous Order on Defendant's Renewed Motion for Judgment as a Matter of Law or a New Trial, the Court enters

judgment as a matter of law of non-infringement for Defendant and against Plaintiffs on Claim 36 of the '733 Patent and Claim 47 of the '224 Patent.

It is hereby **ORDERED** that Plaintiffs shall have and recover from Defendant the total sum of $5,000,000.00, together with prejudgment interest at the prime rate, compounded annually, calculated up to entry of Final Judgment, and based on running royalties for infringement from March 2002 up through trial, together with post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961.

It is further **ORDERED** that Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering to sell, selling, or importing in the Untied States, the Infringing Products, either alone or in combination with any other product and all other products that are only colorably different therefrom in the context of the Infringed Claims, whether individually or in combination with other products or as a part of another product, and from otherwise infringing or inducing others to infringe the Infringed Claims.

Defendant shall forthwith provide written notice of this judgment, and the injunction ordered herein, to: its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, and service providers who have been involved in the making, using, selling, offering for sale or importing of any Infringing Products; and to all other persons or entities involved in any way with the making, using, selling, offering for sale or importing of any Infringing Products.  Defendant shall take whatever means are

necessary or appropriate to ensure that this Order is properly complied with.

This injunction shall run as to the 1mL Integra until the expiration of both of the '224 Patent and the '733 Patent. This injunction shall run as to the 3mL Integra until the expiration of both of the '224 Patent and the '077 Patent.

For the reason's set forth in the Court's contemporaneous Order on Plaintiffs' Motion for Injunction, the permanent injunction set forth by the preceding three paragraphs is hereby **STAYED** for the longer of: exhaustion of an appeal of the above-captioned case; or twelve (12) months from the date of entry of this Final Judgment and Permanent Injunction.

This Court retains jurisdiction over Defendant to enforce any and all aspects of this Judgment and Permanent Injunction.

The Court further retains jurisdiction to award Plaintiffs amounts for supplemental damages, interest, costs, attorneys fees and such other or further relief as may be just and proper.

All relief not specifically granted herein is hereby denied. All pending motions not previously ruled on are hereby denied. This is a Final Judgment and is appealable.

**SIGNED this 19th day of May, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE