# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| RETRACTABLE TECHNOLOGIES, INC., et al., | § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Case No. 2:07-cv-250-LED-RSP |
| BECTON, DICKINSON AND CO., | | |
| *Defendant.* | | |

# ORDER

Before the Court is Defendant Becton, Dickinson and Company's Rule 60(b)(5) Motion to Conform Judgment to Federal Circuit Mandate (Dkt. No. 395), filed on March 8, 2013. The Magistrate Judge issued a Report and Recommendation on May 13, 2013 (Dkt. No. 402) recommending denial of the Motion.

BD relies upon cases where damage awards were revisited after the partial reversal of a jury's finding of infringement. *Accentra, Inc. v. Staples, Inc.,* 500 Fed. Appx 922 (Fed. Cir. 2013); *Verizon Services Corp. v. Vonage Holdings Corp.,* 503 F.3d 1295 (Fed. Cir. 2007); *NTP, Inc. v. Research in Motion, Inc.,* 418 F.3d 1282 (Fed. Cir. 2005). However, in each of these cases the Federal Circuit expressly vacated the damage award and remanded the case. BD also contends that *Tronzo v. Biomet, Inc.,* 236 F.3d 1342, 1349 (Fed. Cir. 2001), supports BD's position by noting that "courts have considered revisiting issues otherwise foreclosed in circumstances where there has been a substantial change in the evidence." However, the panel gave no indication in *Tronzo* that its own decision could ever be considered a "change in the evidence," especially since it reversed the district court for revisiting the punitive damage award

(not appealed) after the district court reduced the compensatory damage award (appealed and remanded) from more than $7 million to just $520.

BD fails to address the fact that later Federal Circuit opinions like *Designing Health, Inc. v. Collett,* 226 Fed. Appx 976, 980 (Fed. Cir. 2007) specifically cite *Tronzo* for the proposition that: "An issue within the scope of the initial judgment of a district court is necessarily incorporated within the scope of a court of appeals' mandate, and remanding the case to the district court without instructions to revisit the issue *forecloses further review on remand*." (emphasis added). The argument that such a rule would foreclose relief from the damage award even if the judgment had been reversed entirely (Dkt. No. 402 at 14), ignores the reality that a complete reversal would leave no judgment to collect. Here, the judgment was only reversed in part.

BD concedes that it would require a new trial on damages to grant the relief it requests, as it admits that the record does not currently contain the facts necessary to separate out the damages it contends were due to the 3 mL product found not to infringe. (Dkt. No. 404 at 5 and 15).

BD also argues that the modification of the injunction is inconsistent with the conclusion that the mandate forecloses a new trial on damages. However, the authority of the district courts to modify injunctions does not derive from any appellate mandate. *Amado v. Microsoft Corp.,* 517 F.3d 1353, 1358, 1360 (Fed. Cir. 2008) ("district courts possess broad equitable authority to modify injunctions," and further concluding that the mandate rule did bar retroactive revisiting of the injunctive relief but not prospective modification).

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. BD's Rule 60(b)(5) Motion to Conform Judgment to Federal Circuit Mandate (Dkt. No. 395) is **DENIED** for the reasons stated therein.

**So ORDERED and SIGNED this 7th day of August, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**